FILED - GR
February 23, 2009 3:45 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: rmw /

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Juergen Lohrke**, | ) | |
| | ) | |
| Plaintiff, | ) | **1:09-cv-158** |
| | ) | |
| v. | ) Hon. | **Robert Holmes Bell** |
| | ) | **U.S. District Judge** |
| **Creditors Financial Group LLC**, a | ) | |
| New York limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Complaint

**I.** **Introduction**

1. This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

**II.** **Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**III.** **Parties**

3. Plaintiff Juergen Lorke is a natural person residing in Kent County, Michigan. Mr. Lorke is a "person" as the term is used in the FDCPA. Mr. Lorke is a "person" as the term is

1

used in the MCPA.

4. Defendant Creditors Financial Group LLC ("CFG") is a New York limited liability company. According to the CFG website (www.creditorsfinancialgroup.com), CFG has a corporate office at 3131 South Vaughn Way, Suite 110, Aurora, Colorado 80014, and a satellite office at 30 Hazelwood Drive, Suite 108, Amherst, New York 14228. The registered agent for CFG in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. CFG is a "debt collector" as the term is defined and/or used in the FDCPA. CFG is a "collection agency" and "licensee" as the terms are defined and/or used in the MCPA.

**IV.     Facts**

5. Mr. Lohrke is the sole owner and President of a company named Falcon Printing, Inc.

6. Falcon Printing, Inc. employees a person named Riza Summerfield.

7. Ms. Summerfield had a credit account (No. 5121071804170714) with Sears. Ms. Summerfield used the account to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MCPA.

8. Apparently, Ms. Summerfield became unable to pay the alleged debt on the agreed schedule.

9. The original creditor or a successor in interest supposedly sold the delinquent debt to a company named LVNV Funding, LLC ("LVNV").

10. LVNV is in the business of purchasing and then collecting delinquent consumer debts. LVNV likely paid less than five cents on the dollar for the debt allegedly owed by Ms.

Summerfield.

11. Resurgent Capital Services L.P. ("Resurgent") is a LVNV affiliate. Resurgent manages the collection of debts purchased by LVNV. Resurgent supposedly hired CFG to collect the debt from Ms. Summerfield.

12. Beginning in or about January 2009, CFG began placing calls to Ms. Summerfield's place of employment in efforts to collect the debt.

13. A debt collector may not communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. 15 U.S.C. § 1692c(a)(3).

14. Falcon Printing, Inc. prohibits its employees, including Ms. Summerfield, from receiving telephone calls from debt collectors at the place of employment.

15. A debt collector may not communicate with a consumer in connection with the collection of any debt at a time or place known or which should be known to the debt collector to be inconvenient to the consumer. 15 U.S.C. § 1692c(a)(1).

16. It is inconvenient for Ms. Summerfield to receive telephone calls from debt collectors while at her place of employment at Falcon Printing, Inc.

17. On or about February 18, 2009 at approximately 10:30 a.m., Ms. Summerfield spoke by telephone with a CFG employee who identified himself as Joe Daggulio (sp). The CFG employee stated that CFG was attempting to collect a debt for its client, Resurgent. In the ensuing conversation, Ms. Summerfield stated to the CFG employee that she was not allowed to take calls from CFG at her place of employment, that if the calls continued she would get in

3

trouble with her employer, and that CFG was not to call her place of employment again. Hearing that, the CFG employee stated: "We have the right to call your relatives, call you at work, call you at home, call you every day."

18.   Despite the foregoing, on or about February 18, 2009 at approximately 11:15 a.m., a male CFG employee telephoned Ms. Summerfield at her place of employment. Ms. Summerfield had the call transferred to the owner and President of Falcon Printing, Inc., Mr. Lohrke. The CFG employee demanded to speak with Ms. Summerfield. Mr. Lohrke stated that he was the owner of Falcon Printing, Inc. and was Ms. Summerfield's employer. Mr. Lohrke asked the CFG employee to identify himself. The CFG employee refused. Mr. Lohrke asked the CFG employee to identify the name of the company for whom he was calling. The CFG employee refused. Mr. Lohrke repeatedly stated that his company did not allow Ms. Summerfield to take the call from CFG. Hearing that, the CFG employee became irate and abusive and began to shout at Mr. Lohrke, stating that he did not care what the policy was at Falcon Printing, that Mr. Lohrke knew nothing about the law, and that CFG would not stop calling Ms. Summerfield at her place of employment. The CFG repeatedly demanded that Mr. Lohrke put Ms. Summerfield on the phone. Mr. Lohrke stated that he would not. Hearing that, the CFG employee stated that CFG would continue to call Ms. Summerfield at her place of employment.

19.   The FDCPA states that a debt collector communicating with any person other than the consumer shall identify himself, and if expressly requested, identify his employer. 15 U.S.C. § 1692b. The CFG employee wrongfully refused to identify himself and his employer to Mr. Lohrke.

20. Despite the foregoing, on or about February 18, 2009 at approximately 11:35 a.m., a CFG employee again telephoned Ms. Summerfield at her place of employment.

21. Despite the foregoing, on or about February 18, 2009 at approximately 11:38 a.m., a CFG employee again telephoned Ms. Summerfield at her place of employment.

22. CFG has continued to telephone Ms. Summerfield at her place of employment, causing great disruption in the business of Falcon Printing, Inc. and causing Mr. Lohrke to suffer actual damage.

23. It is a violation of the FDCPA for a debt collector to cause a telephone to ring or to engage a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

24. CFG repeatedly telephoned Falcon Printing, Inc. with intent to annoy, abuse, or harass Ms. Summerfield, Mr. Lohrke and other employees at Falcon Printing, Inc.

25. The unlawful debt collection methods, acts and practices of CFG and its employees were willful. The violations of the FDCPA and MCPA by CFG and its employees were willful.

26 As an actual and proximate result of the acts and omissions of CFG and its employees, plaintiff has suffered actual damages and injury, including but not limited to, economic damage, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V. Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

27. Plaintiff incorporates the foregoing paragraphs by reference.

5

28. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692b(1);

b) Defendant violated 15 U.S.C. § 1692b(3);

c) Defendant violated 15 U.S.C. § 1692c(a)(1);.

d) Defendant violated 15 U.S.C. § 1692c(a)(3);

e) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

f) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

g) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

29. Plaintiff incorporates the foregoing paragraphs by reference.

30. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor;

c) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at times or places which are known to be inconvenient to the debtor; and

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: February 23, 2009

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

8